## MACKOY v. MISSOURI PAC. RY. CO.[1]

(*Circuit Court, E. D. Missouri.*   October 25, 1883.)

1. COMMON CARRIER—NEGLIGENCE—DUTY OF PASSENGER.
    A railway passenger is bound to exercise ordinary care and prudence to preserve himself from injury.

2. SAME.
    A common carrier of passengers is bound to exercise the highest degree of care and skill which a cautious or prudent man would exercise under the circumstances.

3. SAME.
    If it fails to exercise that degree of care and skill, and a physical injury results to a passenger, without the latter contributing materially or substantially thereto by negligence on his part, the carrier is liable in damages.

4. SAME—MEASURE OF DAMAGES.
    In such cases the injured party is entitled to an amount which will compensate him for the injuries sustained, and the expenditures he has had to make and the liabilities he has incurred in consequence of the injury, and for the pain and suffering he has undergone, taking into consideration the permanent or temporary character of the injuries.

5. SAME—DAMAGES—EVIDENCE—PRACTICE.
    Where evidence was admitted concerning the plaintiff's dependence for his support upon his labor, but the court, in laying down the rules as to the elements of damages, in its charge to the jury omitted the dependence of the plaintiff upon his personal labor for his support, *held*, that the error, if any, in admitting such evidence was cured by the charge.

Motion for a New Trial.

This is a suit to recover damages sustained through the alleged negligence of the defendant in coupling the car, in which it was transporting plaintiff, to another. It is alleged that the cars were brought together with such violence as to throw the plaintiff, who was standing up at the time, down upon the floor, and injure him seriously. The case was tried before a jury. During the trial the plaintiff testified, on his own behalf, as follows:

*Question.* I will get you to state what your condition is; whether you are a man of much or little means. *Answer.* Oh, my means are limited; I am poor.

*Judge Pike.* We object to that as immaterial.

*Judge Treat,* (to the witness.) Are you dependent on your labor for your subsistence? *Answer.* Yes, sir; mainly so. At the time of the accident I had a farm, but I have sold it, and have expended nearly all the money in costs and expenses to live upon.

The court charged the jury as follows:

TREAT, J., (*orally.*)   The rule of damages in cases of this character is what in law is called compensatory. That, as you understand, is contradistinguished from vindictive or exemplary damages. Thus, if you find for the plaintiff in this case, you will have to assess the amount of his damages at such a sum as in your judgment, under the facts and circumstances developed, would compensate for the injuries

---

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

sustained, and for the expenditures he has had to make, and liabilities incurred in consequence of the injury, and also for the pain and suffering he has undergone, bearing in mind the consideration whether the injuries are likely to be permanent or temporary.

As to the liability of the company, the rule of law is this: That a common carrier, a railroad, is bound to exercise the highest degree of care and skill which a cautious or prudent man would exercise under the circumstances. If it fails to exercise that degree of care and skill, and an injury results therefrom without the party who is injured contributing materially or substantially thereto, then the road must respond in damages. It is also, on the other hand, the duty of a passenger in a train to exercise that ordinary care and prudence which a prudent man would himself observe to save himself from injury. The degree of care on the part of the railroad company is the highest degree of care and skill; the degree of care on the part of the passengers is ordinary care and skill. Hence, in these cases, it becomes the duty of the jury to look at all the facts and circumstances surrounding the matter, to ascertain—*First*, whether the railroad was guilty of negligence; *secondly*, whether, if it was guilty of negligence, the passenger injured did himself substantially or directly contribute thereto; because if he did contribute thereto the law does not divide between the respective parties the amount which has been caused—the amount, I mean, in money or damages caused thereby. There is no rule by which such a division could be had. Therefore, the law states distinctly that if a party has himself contributed substantially or directly to the injury, then there can be no recovery on his part.

Now, you have heard the testimony here, and there is no rule of law that can give to you, or gives to you, any specific direction with regard to the facts and circumstances disclosed. It is a case which belongs peculiarly to the jury for their consideration. In other words, you have heard the testimony of these witnesses, discrepant in some parts. It is for you to weigh the testimony and determine the degree of credibility that you will attach to the testimony of the one or the other witness whose evidence has been given, and in doing so it is always important to consider whether the particular witness testifying was in a position to ascertain accurately, under the circumstances, precisely what occurred or not; also whether the party testifying has any special interest in the controversy, one way or the other.

Now, there is no rule of law that the court can give you with respect to the position which a passenger should occupy under given circumstances in a railroad car, except that he should exercise that degree of care and skill for his own safety which an ordinary and prudent man would exercise. On the other hand, in the light of common experience, where trains are being coupled a party is supposed to understand what is likely to occur, which would bring you

to the inquiry here, more especially whether the coupling of these cars was under such circumstances as to cause an injury to a man of ordinary prudence. If so, then it was an act of negligence on the part of the defendant.

I do not know that the court can give you any other rules, gentlemen, in regard to the matter. It will leave the case to your judgment, rather than the court's direction.

The jury found a verdict for the plaintiff, and assessed his damages at $4,500.

The defendant thereupon moved for a new trial. The remaining facts sufficiently appear from the opinion of the court.

*Andrews & Pike,* for defendant.

*Dyer, Lee & Ellis,* for plaintiff.

TREAT, J. The only substantial question presented by the motion for a new trial is as to the admission of evidence concerning plaintiff's dependence for his support on his own labor.

The doctrine as to this class of evidence is fully stated in *Pennsylvania Co.* v. *Roy,* 102 U. S. 451. In that case the error alleged was directly cured by the charge of the court; but in the case now under consideration, the error, if any, was only impliedly cured through the rules laid down as to the elements for damages, which omitted the dependence of plaintiff on his personal labor for subsistence.

While compensatory damages are not dependent on the poverty or wealth of a person wrongfully injured, yet is it not proper for the jury to know that the physical injuries sustained are not only permanent in their character, but of such a nature as to deprive the injured party of his only means of support? True, the railroad is not supposed to discriminate, nor does the law, as to compensation for injuries with respect to the financial condition of a passenger. Every passenger contracts on equal terms, and the obligations as to each are the same. But is it to be contended that what would be just compensation in one case should obtain in all cases, irrespective of the injured party's dependence on the use of his impaired physical means for support? The rules laid down in the case cited seem to go the length for which defendant contends, yet when they are considered under the facts and circumstances then before the supreme court and those now under review, they fall far short of establishing error in the rulings as to admission of evidence, especially when the charge of the court is considered. On the objection of defendant's counsel, the court, without formally ruling upon the evidence introduced and sought to be introduced, did informally limit that line of inquiry to the simple subject embraced in its question, thereby excluding all other evidence in that direction. The question, then, is, whether the evidence elicited in answer to the court's inquiry constitutes a fatal

error, not cured by the charge as given.    To that question the court responds in the negative, and overrules the motion for a new trial.

See *Secord* v. *St. Paul, M. & M. Ry. Co., ante,* 221; *Kresanowski* v. *Northern Pac. R. Co., ante,* 229, and references.